UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTWAN M. GREEN,

          Plaintiff,

    v.

CHIEF HARRIS, SERGEANT WEBSTER,
ORVILLE, Nurse Practitioner, JOHN DOE
HOLDING OFFICER, NURSE JANE DOE,
SERGEANT CARNEY, SERGEANT ANDERSON,
SERGEANT SMACNICK, D. BROWN, Holding
Center Officer, SHERMAN, Holding Center
Officer, JARNOT, Holding Center Officer, and
LINEN DEPARTMENT DEPUTY,

          Defendants.
_____

**DECISION AND ORDER**

6:15-CV-06554 EAW

Plaintiff Antwan M. Green ("Plaintiff"), while he was an inmate confined at Erie County Correctional Facility, filed multiple civil actions asserting claims under 42 U.S.C. § 1983 concerning the conditions of his confinement at the Erie County Holding Center as a pre-trial detainee. By Order dated October 27, 2015, two other actions were consolidated with this case. (*See* Dkt. 4). Plaintiff was directed to incorporate the claims from all three actions into one amended complaint. (*Id.* at 8-9). Plaintiff's first amended complaint was stricken by the Court (*see* Dkt. 13), and he filed a second amended complaint on March 30, 2016 (Dkt. 16).

The Court reviewed the second amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and, by Order dated August 17, 2016, dismissed some claims and

allowed others to go forward. (*See* Dkt. 23). The following claims have been permitted to proceed: (1) due process claims against Defendants Webster and Harris for preventing Plaintiff from calling witnesses on his own behalf during a disciplinary hearing; (2) cruel and unusual punishment based on conditions of confinement claim against Defendants Anderson, Carney, and Harris for the unreasonably cold temperature of Plaintiff's cell; (3) conditions of confinement claim against Defendants Jarnot and Linen Department Deputy for their failure to provide Plaintiff with a sanitary blanket; (4) unsanitary conditions claim against Defendant John Doe Holding Center Officer; (5) denial of medical treatment claim against Defendants Orville and Nurse Jane Doe; (6) violation of equal protection rights claim against Defendant Nurse Jane Doe; and (7) retaliation and condition of confinement claims against Defendants Sherman, Smacnick, Nurse Jane Doe, and Brown. (*See* Dkt. 23). The Court granted Plaintiff leave to amend a denial-of-access-to-courts claim, based on alleged restricted access to legal books and research, and directed Plaintiff to file a third amended complaint incorporating all his permitted claims. (*See id.*).

I.  **Plaintiff's Third Amended Complaint**

Presently before the Court is Plaintiff's third amended complaint. (Dkt. 29). Upon review pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court finds that Plaintiff has complied with the Court's directive to incorporate all of his remaining claims against the remaining Defendants into one pleading.

To the extent that Plaintiff has incorporated some of the factual allegations related to claims that were previously dismissed, the Court liberally construes these repeated

allegations as a request by Plaintiff to reconsider the dismissal of said claims. The Court has reviewed this request and declines to reconsider its dismissal of these claims.

The Court further notes that although Plaintiff was granted leave to amend his access-to-court claim, he has not done so. Therefore, that claim is dismissed. In all other respects, the third amended complaint is permitted to proceed in accordance with the Court's August 17, 2016, Order. (*See* Dkt. 23).

## II.  *Valentin* **Request**

Additionally, in the third amended complaint, Plaintiff lists three Defendants as Linen Department Deputy, Nurse Jane Doe, and John Doe Holding Center Officer. In light of Plaintiff's uncertainty as to the names of these Defendants, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Erie County Attorney ascertain the full names of these three Defendants. The Erie County Attorney is also requested to provide the addresses where these Defendants can currently be served. The Erie County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve Defendants as instructed by the Second Circuit in *Valentin*.

## III.  **Plaintiff's Other Motions**

In addition to filing the third amended complaint, Plaintiff has filed two motions: a Motion for Protective Order (Dkt. 30), and a Motion for Reconsideration of his request for the appointment of counsel (Dkt. 31). Plaintiff fails to state a basis for either motion; he also fails to provide any argument or factual support for either motion. (*See* Dkt. 30; Dkt 31).

Plaintiff previously updated his address with the Court, indicating that he has been released from custody. (*See* Dkt. 28). Therefore, his motion for injunctive relief against Defendants is rendered moot. *See Pugh v. Goord*, 571 F. Supp. 2d 477, 490 (S.D.N.Y. 2008) (finding a plaintiff's claims for injunctive and declaratory relief against prison officials moot in light of the plaintiff's release from prison).

Plaintiff's motion for reconsideration is denied without prejudice. The third amended complaint has not been served, nor has any Defendant appeared in the case. As such, Plaintiff's request for the appointment of counsel is premature. *See Pennefather v. N.Y. State Unified Court Sys.*, No. 08 CIV. 0098(DAB), 2008 WL 2276521, at *1 (S.D.N.Y. June 3, 2008) (noting that a motion to appoint counsel was premature because service of the complaint had not been completed).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED, that the Clerk of Court is directed to file Plaintiff's papers and to cause the United States Marshal to serve copies of the summons, third amended complaint, and this Order upon Defendants Harris, Webster, Orville, Carney, Anderson, Smacnick, Brown, Sherman, and Jarnot; and it is further

ORDERED, that the Erie County Attorney is hereby requested to produce the information specified above regarding the identities of Defendants John Doe Holding Center Officer, Nurse Jane Doe, and Linen Department Deputy within 30 days of the date of this Order. The information should be sent to the Pro Se Office, U.S. Courthouse, 100 State Street, Rochester, New York 14614; and it is further

ORDERED, that once this information is provided, the third amended complaint shall be deemed amended to reflect the full names of those Defendants, summonses shall be issued, and the Court directs service on those Defendants; and it is further

ORDERED, that the Clerk of the Court is directed to forward a copy of this Order to Michael A. Siragusa, Erie County Attorney, Department of Law, Edward A. Rath County Office Building, 95 Franklin Street, Rm 1634, Buffalo, New York 14202; and it is further

ORDERED, that pursuant to 42 U.S.C. § 1997e(g)(2), Defendants are directed to answer the third amended complaint.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 31, 2017
       Rochester, New York