UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTWAN M. GREEN,

    Plaintiff,

v.

CHIEF HARRIS, et al.,

    Defendants.

_____

**DECISION AND ORDER**

6:15-CV-06554 EAW

## BACKGROUND

Plaintiff Antwan M. Green ("Plaintiff") alleges various constitutional violations arising out of his pretrial confinement at the Erie County Holding Center and Erie County Correctional Facility. Although initially proceeding *pro se*, Plaintiff is now represented by counsel who filed a motion for leave to file a fourth amended complaint (Dkt. 63) removing certain defendants and claims from the action, and adding an Equal Protection claim for inadequate medical care related to Plaintiff's eye, a Due Process/Equal Protection claim for inadequate medical care related to Plaintiff's anal bleeding, and a Due Process custom and practice *Monell* claim for inadequate medical care. Plaintiff also sought to add the County of Erie ("the County") and Sheriff Timothy Howard ("Sheriff Howard") as named defendants to the fifth and sixth causes of action, and the County to the third cause of action.

On June 7, 2018, Magistrate Judge Jonathan W. Feldman, to whom the undersigned referred this case for supervision of pretrial non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B), issued a Decision & Order and Report & Recommendation. (Dkt. 77). Judge Feldman granted Plaintiff's motion in part, and recommended that it be denied in part.[1] Specifically, Judge Feldman found as follows: (1) the first cause of action alleging a due process claim may proceed, but defendant Harris was dismissed from this claim by stipulation of the parties; (2) the second cause of action alleging denial of medical treatment may proceed; (3) the third cause of action alleging a failure to provide constitutionally adequate medical care to a pretrial detainee may proceed only against defendant Orville and "Jane Doe" but not against the County under a *Monell* theory of liability[2]; (4) the fourth cause of action may proceed; (5) the fifth cause of action may proceed against Orville and "Jane Doe" but not against Sheriff Howard under a *Monell* theory of liability; and (6) the sixth cause of action may proceed against the County but not against Sheriff Howard. (Dkt. 77 at 6-18).

On July 30, 2018, the County filed Objections to Judge Feldman's Decision & Order and Report & Recommendation. (Dkt. 84). Specifically, the County objected to Judge Feldman's decision granting Plaintiff leave to assert a sixth cause of action alleging a claim

---

[1] To the extent that Judge Feldman granted Plaintiff's motion for leave to amend, his decision was memorialized in the form of a Decision & Order and it is subject to review under the deferential clear error or contrary to law standard, because that aspect of his decision was non-dispositive in nature. However, to the extent that Judge Feldman denied Plaintiff's motion for leave to amend on the grounds of futility, his decision was issued as a Report & Recommendation and any objections would be subject to *de novo* review, because that aspect of the decision was dispositive in nature. (Dkt. 77 at 18-19). *See generally Briggs v. County of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016).

[2] A *Monell* theory of liability refers to potential liability of a municipality pursuant to a custom or practice in accordance with the decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

pursuant to 42 U.S.C. § 1983 for a pattern and practice of deliberate indifference to serious medical needs at the Erie County Holding Center and Erie County Correctional Facility against the County under a *Monell* theory of liability. The County argues that any such claim is barred by the law of the case doctrine, contending:

> [T]o permit the amendment would, largely, render pointless, futile, and moot the Court's preceding Orders progressively pruning the Plaintiff's preceding complaints and, most particularly, violate those portions of Judge Wolford's prior Decision and Order (Dkt. No. 23), filed August 17, 2016, as had directed, concluded and ordered (1) "For the reasons set forth above, several of Plaintiff's claims are dismissed and *only the claims set forth above and against the parties set forth above may go forward*" (Dkt. No. 23, p. 11) and (2) "Therefore, Plaintiff's Third Amended Complaint must include all of the allegations *against each of the defendants against whom the case is going forward* so that the Third Amended Complaint may stand alone as the sole complaint in this action which Defendants must answer" (Dkt. No. 23, pp.11-12) and (3) "IT HEREBY IS ORDERED . . . FURTHER, that Plaintiff is directed to file a Third Amended Complaint *as directed above* **by September 30, 2016**" (*italics* supplied; **bold** in original).

(Dkt. 84 at 4; *see also id.* at 7-19). The County also argues that Judge Feldman's conclusion incorrectly omitted any reference to the County's argument about the alleged prejudice that would inure to the County in the event that leave to amend was granted, and that Judge Feldman misstated the County's statute of limitations argument. (*Id.* at 5-6).

On August 12, 2018, Plaintiff filed a response to the County's Objections. (Dkt. 85). Then, by letter dated August 20, 2018, the County objected to Plaintiff's reliance upon two exhibits attached to his response (Dkt. 85-1; Dkt. 85-2) which were not considered in the motion practice before Judge Feldman (Dkt. 86).

## DISCUSSION

Both parties agree that the applicable standard of review is the deferential clearly erroneous or contrary to law standard of review. (Dkt. 84 at 7; Dkt. 85 at 1). The clearly erroneous/contrary to law standard of review is "highly deferential" and "a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F.Supp.3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F.Supp.2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (internal quotation marks and alterations omitted)).[3]

---

[3] The Court notes that if Plaintiff had filed objections to Judge Feldman's denial of leave to amend based upon grounds of futility, then a more exacting *de novo* standard of review would be utilized to review those objections. However, Plaintiff did not file any objections. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *see* L.R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."). Thus, in the absence of specific objections, the district court reviews for clear error or manifest injustice. *Singh v. N. Y. State Dep't of Taxation & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011).

The Court has reviewed Judge Feldman's Decision & Order and Report & Recommendation, as well as the motion papers submitted before Judge Feldman and the filings before the undersigned,[4] and concludes based upon a careful review that Judge Feldman's Decision & Order is neither clearly erroneous nor contrary to the law. Therefore, the County's Objections are overruled. In addition, while Plaintiff did not file objections to Judge Feldman's Report & Recommendation that certain proposed claims and parties not be permitted to proceed on grounds of futility, this Court has nonetheless conducted a careful review of Judge Feldman's conclusions and agrees with his Report & Recommendation and therefore adopts it in its entirety. The Court will briefly comment on certain aspects of the Objections raised by the County.

The law of the case doctrine is a "discretionary rule of practice" that while expressing a practice of courts to generally refuse to reopen that which has been decided in a case, does not operate as a bar to a court from reconsidering prior rulings. *See Colvin v. Keen*, Docket No. 16-3650, __ F.3d __, 2018 WL 3865295, at *3 (2d Cir. Aug. 15, 2018). Here, the County misstates this Court's prior ruling and misapplies the doctrine in an effort to prevent Plaintiff from pursuing a claim against the County. Up until Plaintiff's motion for leave to file a fourth amended complaint, he had never attempted to assert a deliberate indifference to serious medical needs claim against the County based upon a *Monell* theory of liability, and none of this Court's prior decisions (including the August 17, 2016

---

[4] The Court declines to strike the exhibits attached to Plaintiff's response to the County's Objections as requested in the County's Letter dated August 20, 2018 (Dkt. 86), but the Court notes that it has not considered those filings in reaching its conclusion.

Decision and Order relied upon by the County), rejected any such claim. (*See* Dkt. 4; Dkt. 13; Dkt. 23; Dkt. 32). Thus, Judge Feldman correctly concluded that the law of the case doctrine did not preclude Plaintiff's new sixth cause of action against the County. (Dkt. 77 at 18).

The County also contends that it demonstrated undue delay by Plaintiff in seeking to add the County as a defendant and undue prejudice, and that Judge Feldman failed to discuss that aspect of the County's opposition. (Dkt. 84 at 19-29). The County focuses its argument in this regard upon Plaintiff's reliance upon conclusions from a "findings letter" issued in 2009. While the County's arguments in this regard may ultimately be relevant to admissibility determinations at trial, they do not justify denial of leave to amend. Judge Feldman accurately recited the standard for a motion for leave to amend (Dkt. 77 at 5), and his conclusions granting Plaintiff leave are neither contrary to law nor clearly erroneous.

## CONCLUSION

For the foregoing reasons, the County's Objections (Dkt. 84) are overruled, and the Court adopts the Report & Recommendation (Dkt. 77) in its entirety.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 10, 2018
       Rochester, New York